IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHAWN A. BELL, Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. ELH-14-2345 |
| OFFICE OF THE PUBLIC DEFENDER | * | |
| JAMES "JIM" CLOSE | | |
| JAMES NORSTRAND | * | |
| JOHN NORTHROP | | |
| STEFAN SKIPP | * | |
| Defendants. | | |

*****

MEMORANDUM

On July 23, 2014, the court received for filing a civil rights action submitted by Shawn A. Bell, also known as Shawn Taylor, a resident of Baltimore, Maryland. Bell is self-represented. This case represents one of eleven complaints filed by Bell on the same date.[1]

Here, Bell filed suit under 42 U.S.C. § 1983 against the Office of the Public Defender for Cecil County, Maryland as well as the Deputy District Public Defendant and several Assistant Public Defenders. ECF No. 1. In her one-page complaint, Bell claims that defendants did not provide her with adequate representation; failed to file a request for an emergency hearing; allowed state court

[1] The other cases are as follows: *Bell v. MCIW*, Civil Action No. ELH-14-2339 (D. Md.); *Bell v. DHMH Eastern Shore Hospital*, Civil Action No. ELH-14-2341 (D. Md.); *Bell v. Woodlawn Police Dep't*., et al., Civil Action No. ELH-14-2342 (D. Md.); *Bell v. MTA Police, et al*. Civil Action No. ELH-14-2343 (D. Md.); *Bell v. Cecil County*, Civil Action No. ELH-14-2344 (D. Md.); *Bell v. Baynes, et al.*, Civil Action No. ELH-14-2340 (D. Md.); *Bell v. Probation Office*, Civil Action No. ELH-14-2346 (D. Md.); *Bell v. Cecil County State Attorney's Office*, Civil Action No. ELH-14-2347 (D. Md.); *Bell v. Cecil County Clerk of the Courts*, *et al.*, Civil Action No. ELH-14-2348 (D. Md.); and *Bell v. Cecil County Sheriff Dep't*, Civil Action No. ELH-14-2349 (D. Md.).

judges to enter rulings in matters over which they had no jurisdiction; permitted her to be falsely detained; and did not interview her until October of 2013. ECF No. 1. She seeks $100,000,000 in damages. [2] Because Bell appears indigent, her motion for leave to proceed in forma pauperis (ECF No. 2) shall be granted. For reasons to follow, however, the civil rights complaint against the state public defenders shall be dismissed *sua sponte* as legally frivolous.

The jurisdictional and threshold requirements of 42 U.S.C. § 1983 civil actions are that a substantial federal question be asserted and that the named defendant(s) be acting "under color of" state law. *See* 28 U.S.C. §§ 1343(a)(3) and (4); *see also West v. Adkins*, 487 U.S. 42, 49 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928-930 (1982). A defense attorney, whether privately retained or court-appointed, represents only his client, not the state. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976). Thus, defendants do not act "under color of" state law and are not amenable to damage liability.[3]

---

[2] On July 31, 2014, Bell filed a letter which has been entered on the docket as a motion for all cases to be considered in the Northern Division and for PACER access. ECF No. 5. The motion has been given a generous construction and shall be denied as moot. Although the court finds the motion confusing, it observes that Bell's cases have been assigned to the Northern Division. Further, to the extent the she seeks access to the PACER network, she may seek electronic review of materials as would any other member of the public. Insofar as Bell seeks leave of the court to file materials electronically, she has failed to articulate good cause to so do.

[3] The Maryland judiciary website shows that on January 26, 2012, Shawn Bell, a/k/a Shawn Taylor, was convicted of second-degree assault and sentenced to a two-year term, all suspended, with one year supervised probation. *See State v. Taylor*, 07K11000335 (Circuit Court for Cecil County).

In any event, to the extent that Bell is seeking compensation under a 42 U.S.C. § 1983/28 U.S.C. § 1331 civil rights theory related to alleged unconstitutional acts involving her criminal trial, the claims are not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994). Bell's claims are inextricably interwoven with the constitutionality of her state criminal charge and resulting conviction. Under *Heck*, she may not use a § 1983/*Bivens* action as a mechanism for challenging the

28 U.S.C. § 1915(e)(2) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Because Bell's complaint alleges an infringement of a constitutional right that does not exist and is premised on an "indisputably meritless legal theory," her case shall be dismissed as legally frivolous, pursuant to 28 U.S.C. § 1915(e).

A separate Order follows.

Date: August 4th, 2014

/s/
Ellen Lipton Hollander
United States District Judge

---

validity of her conviction. As her state conviction has not been declared invalid, all of Bell's claims should be dismissed under *Heck*. *Id.* at 486-87.